UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRUCE MOWEN** ) | Case Number |
| ) | |
| **Plaintiff** ) | |
| ) | |
| vs. ) | **CIVIL COMPLAINT** |
| ) | |
| **NATIONAL ACTION FINANCIAL** ) | |
| **SERVICES, INC.** ) | **JURY TRIAL DEMANDED** |
| **Defendant** ) | |
| ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Bruce Mowen, by and through his undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Bruce Mowen, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.   JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and Defendant maintains a registered office in this District.

## III.   PARTIES

4. Plaintiff, Bruce Mowen ("Plaintiff") is an adult natural person residing at 1320 S. Avenida Conalea, Tucson, AZ 85748.

5. Defendant, National Action Financial Services, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Arizona and the Commonwealth of Pennsylvania with its principal place of business located at 165 Lawrence Bell Drive, Ste 100, Williamsville, NY 14221 and a registered office located at 116 Pine Street, Ste 320, Harrisburg, PA 17101.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.   FACTUAL ALLEGATIONS

7. On or about August 8, 2009, Plaintiff began receiving calls to his home and personal cell phone from Defendant's agent, "Jeremy Kluge", in regards to a debt owed to Chase.

8. Defendant's agent, "Jeremy Kluge", demanded the full payment of $3400 from the Plaintiff.  Plaintiff informed Defendant's agent, "Jeremy Kluge", that he had retained the law firm of Persels & Associates to handle the settlement of his debt and that he would need to contact them directly.

9. Plaintiff was told by Defendant's agent, "Jeremy Kluge", that Perels & Associates was a third party and he would not deal with them.  Defendant's agent said that if the Plaintiff did not make arrangements to pay the balance of his debt that he would mark it down as a refusal to pay.

10. Plaintiff continued to receive calls from Defendant's agent, "Jeremy Kluge", up to the filing of this complaint.  Plaintiff asked agent several times to contact his attorneys', but he refused and told him that he would not work with or accept any settlement offer from Persels.

11. Defendant's agent, "Jeremy Kluge", again asked the Plaintiff for payment on his outstanding debt.  Plaintiff again tried to give him Persels information but the agent responded by saying "so does this mean that you are not going to pay".

12. As of the filing of this complaint, the Plaintiff has never received anything in writing from the Defendant in regards to this matter.

13. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

14. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

15. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

16. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

17. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

18. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## **COUNT I – FDCPA**

19. The above paragraphs are hereby incorporated herein by reference.

20. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

21. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | | |
|---|---|---|
| | §§ 1692c(a)(2) | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| | §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| | §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| | §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| | §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| | §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, National Action Financial Services, Inc. and Order the following relief:

a. Declaratory judgment that the Defendant's conduct violated the FDCPA;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. §1692k;

    d.    Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

    e.    Such addition and further relief as may be appropriate or that the interests of justice require.

## V.    JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**
**WARREN & VULLINGS, LLP**

Date:  December 9, 2009    BY: **/s/ Brent F. Vullings**

Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff